UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>VINROY W. REID,<br><br>Debtor | Case No. 18-31436-LTB<br>Chapter 7 |

**TRUSTEE'S OBJECTION TO CLAIM NO. 10 OF Y2 YOGA COTSWOLD, LLC**

NOW COMES the Trustee, A. Burton Shuford, by and through his undersigned counsel, and objects to the Claim No. 2 of Y2 Yoga Cotswold, LLC ("**Y2**"), as amended, and in support thereof shows unto the Court the following:

**JURISDICTION AND FACTS**

1. The Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina (the "**Court**") on September 21, 2018. On August 19, 2019, the Debtor's case was converted to Chapter 7, thereby creating a Chapter 7 bankruptcy estate (the "**Estate**") and A. Burton Shuford was appointed trustee in said Chapter 7 case.

2. This Court has jurisdiction over this objection (the "**Objection**") pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

3. Y2 filed its original claim in this case on February 19, 2019, which claim was designated as "Claim 10" on the Court's records. (the "**Original Claim**"). In the Original Claim, Y2 claimed that the Debtor was indebted to it in the amount of $574,963.90; that the claim was secured by real estate; and, that the amount of the unsecured claim is $-0-. However, Y2 placed no value in the claim for the value of the property securing the claim. Y2 indicated that the $574,963.90

included interest, fees, expenses or other charges, but failed to attach a statement itemizing the same. Y2 made no specific claim in the Original Claim for pre or post-petition attorney's fees, or pre or post-petition interest.

4.  Y2 subsequently amended the Original Claim by filing its first amended claim with the Court on February 20, 2020 (the "**First Amended Claim**"). In the First Amended Claim, Y2 claimed that the Debtor was indebted to it in the amount of $574,963.90; that the claim was secured by real estate; and, that the amount of the unsecured claim is $-0-. However, Y2 placed no value in the claim for the value of the property securing the claim. Y2 indicated that the $574,963.90 included interest, fees, expenses or other charges which were court costs ordered by the State Court in the sum of $23,131.98. Y2 made no specific claim in the Original Claim for pre or post-petition attorney's fees, or pre or post-petition interest.

5.  Y2 subsequently amended the First Amended Claim by filing its second amended claim with the Court on July 6, 2020 (the "**Second Amended Claim**"). In the Second Amended Claim, Y2 claimed that the Debtor was indebted to it in the amount of $981,139.49; that the claim was secured by real estate with a value of $2,000,000; and, that the amount of the unsecured claim is $-0-. The amounts due pursuant to the Second Amended Claim were broken down as follows:

   a) Principal amount of Final Judgment $396,649.57;
   b) Costs of State Court Litigation - $23,131.98;
   c) Interest on Final Judgment through October 1, 2020 at the rate of 8% per annum - $207,429.30;
   d) Legal Fees: Horack Talley Pharr & Lowndes, P.A. (pre-petition) $52,683.73;
   e) Legal Fees: David Guidry fixed fee (pre-petition) - $19,000;
   f) Legal Fees: David Guidry contingency fee (post-petition) - $282,244.91;
   g) Legal Fees: bankruptcy counsel, The Henderson Law Firm, PLLC (post-petition) – "To be determined".

6.  Y2 subsequently amended the Second Amended Claim by filing its third amended claim with the Court on July 16, 2020 (the "**Third Amended Claim**"). In the Third Amended

Claim, Y2 claimed that the Debtor was indebted to it in the amount of $1,218,901.99; that the claim was secured by real estate with a value of $2,000,000; and, that the amount of the unsecured claim is $-0-.  The amounts due pursuant to the Third Amended Claim are not broken down as in the Second Amended Claim, but Y2 does attach an invoice from James H. Henderson ("**Henderson**") which states that Henderson is owed $222,615.00 from Y2.  Although the fees claimed to be due to Henderson appear to be, at least in large part, related to Henderson's representation of Y2 in this proceeding, Y2 makes no statement or assertion making clear what the fees are for.

**OBJECTION**

The Trustee objects to the Third Amended Claim in the following particulars:  a) the Court cannot at this time determine that the Third Amended Claim is oversecured  and for that reason the Court cannot at this time determine what, if any, costs and post-petition interest claimed by Y2 are allowable pursuant to 11 U.S.C. §506; b) the attorney's fees requested are unreasonable; and, c) the attorney's fees requested by Y2 exceed the amount in controversy and cannot be allowed to the extent they exceed the amount in controversy pursuant to N.C. Gen. Stat. §6-21.6(g).

**ARGUEMENT**

<u>The Y2 Claim cannot be determined to be oversecured at this time.</u>

Y2, in its Third Amended Claim, claims that the real estate securing its claim is valued at $2,000,000.  Y2 provides no list or description of the real estate that secures the claim and makes no attempt to substantiate its valuation.  The Y2 valuation is substantially greater than the Debtor's valuation of its real estate in its schedules.  Finally, given that the Debtor's assets are all to be sold in the administration of this Chapter 7 case, the value of Y2's collateral should be "based on the consideration received in connection with sale, provided that the sale price is both fair and reasonable and the result of an arm's length transaction".  *Ford Motor Company v. Dobbins*, 35 F.3d

860, 871 (4th Cir. 1994).  In summation, the Court cannot at this time rule on the claims for costs and post-petition interest as the liquidation of Y2's collateral is on-going.

### The Attorney's Fees Requested are Unreasonable

Y2 has conceded (Y2 Complaint, WDNC Case No. 3:19-ap-3049, ECF No. 1, ¶ 51) and the Trustee agrees that the Indemnity Clause in the Y2 Yoga Expansion Construction Agreement (Y2 Complaint, ECF No. 1, Exhibit A) is a reciprocal attorney's fee provision and as such is governed by § 6-21.6.  Included within § 6-21.6 is a listing of 13 factors that the court may consider when awarding attorneys fees under the section (see: *Supplemental Brief of Defendant A. Burton Shuford, Trustee for Vinroy Reid*, WDNC Case No. 3:19-ap-3049, ECF No. 48, p. 6 for a listing of the factors).  These factors, although they are state not federal law, should be considered by this Court in determining what attorney's fees should be awarded to Y2 (see: *Reply Brief of Defendant A. Burton Shuford Trustee for Vinroy Reid*, WDNC Case No. 3:19-ap-3049, ECF No. 53, p. 3).  Y2 has failed to address the majority of the factors in § 6-21.6 (see Reply Brief, WDNC Case No. 3:19-ap-3049, ECF No. 53, p. 8) and indeed many of the factors indicate that the Court should greatly limit any attorney's fees that it may award.

### The attorney's fees requested by Y2 exceed the amount in controversy

Section 6-21.6 (g) provides, "In any suit, action, proceeding, or arbitration primarily for the recovery of monetary damages, the award of reasonable attorneys' fees may not exceed the amount in controversy".  The State Court lawsuit was "primarily for the recovery of monetary damages". The amount in controversy was clearly the damages awarded by the jury in the amount of $396,649.57.  The fees requested by Y2 total, at least, $576,543.64.   Not conceding that Y2 is entitled to an award of attorneys' fees of any amount, this Court cannot award fees in excess of $396,649.57.

WHEREFORE, the Trustee prays that the Court defer ruling on allowance of costs and post-petition interest at this time; that the Court conduct a hearing to determine the reasonableness of the attorney's fees requested by Y2; that the Court limit any attorney's fee award to $396,649.57; and, for such other and further relief to which the Trustee is entitled.

This the 20th day of July, 2020.

/s/ A. Burton Shuford
A. Burton Shuford
NC Bar No. 010035
Attorney for the Trustee
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
980-321-7005; bshuford@abshuford.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>VINROY W. REID,<br><br>Debtor | Case No. 18-31436-LTB<br>Chapter 7 |

CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the *TRUSTEE'S OBJECTION TO CLAIM NO. 10 OF Y2 YOGA COTSWOLD, LLC* by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the parties listed below:

| | |
|---|---|
| Shelley K. Abel, US Bankruptcy Administrator | Via Electronic Case Filing |
| Verna Carol Bash-Flowers, Counsel for the Debtor | Via Electronic Case Filing |

| | |
|---|---|
| VR King Construction, LLC<br>c/o Robert Lewis, Jr.<br>The Lewis Law Firm, P.A.<br>P.O. Box 1446<br>Raleigh, NC 27602 | Y2 Yoga Cotswold, LLC<br>James H. Henderson<br>The Henderson Law Firm<br>1120 Greenwood Cliff<br>Charlotte, NC 28204 |

This the 20th day of July, 2020.

                                              /s/ A. Burton Shuford
                                        A. Burton Shuford, NC Bar No. 010035
                                        Attorney for the Trustee
                                        4700 Lebanon Road, Suite A-2
                                        Mint Hill, NC 28227
                                        980-321-7005; bshuford@abshuford.com